EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Plaintiff, *v.* THOMAS P. DALEY et al., Defendants.

Supreme Court, Erie County, December 4, 1944.

*Ulysses S. Thomas* for plaintiff.

*William B. Mahoney* for defendants.

MUNSON, J. This is an action for a declaratory judgment and an injunction. It appears that the plaintiff issued to the Town of Amherst, Erie County, New York, a policy of insurance covering bodily injuries of volunteer firemen in the service of said town; that the defendants, while in the performance of their duties as such firemen, suffered personal injuries and in June, 1940, filed claims against said town of Amherst pursuant to article 10 of the General Municipal Law.

Pursuant to said law plaintiff paid $500 to each of the defendants and further payments of $20 a week, making a total of $1,499 paid to the defendant Daley and $1,500 paid to the defendant Sherrer.

The injuries of the defendants were caused solely by the negligence of a third person, one Lester C. Bramley, in the operation of an automobile owned by one Lester E. Bramley. The two defendants brought an action against the two Bramleys to recover damages for their personal injuries and while said action was pending, this plaintiff brought suit against the Town of Amherst, the two defendants, the two Bramleys and the latter's insurance carrier, General Accident Assurance Corporation.

That action was discontinued as to the two Bramleys and their insurance carrier upon the written promise of defendants' attorney to withhold sufficient moneys which might be received in the actions brought against the Bramleys on the theory of subrogation until a determination of the issues involved between this plaintiff and Daley and Sherrer.

It further appears that in July, 1942, said General Accident Assurance Corporation paid to said attorney, William B. Mahoney, $8,750 in full settlement of the claim of the defendant Sherrer and on September 25, 1942, the further sum of $6,400 in full settlement of the claim of the defendant Daley. Mr. Mahoney withheld and has in his possession, pursuant to the aforesaid agreement, the sum of $1,500 from the Sherrer payment and $1,499 from the Daley payment, awaiting the decision of the court in this action which has been submitted by respective counsel upon the aforesaid agreed statement of facts

Subdivision third of section 205 of the General Municipal Law provides that any volunteer fireman who shall receive injuries while performing his duties as such so as to necessitate medical or other lawful remedial treatment or prevent him from following his usual vocation on account thereof, shall be reimbursed for such sums as are actually and necessarily paid for medical or other lawful remedial treatment not exceeding $500 and further provides that such fireman shall be compensated for the time he was actually and necessarily prevented from following his vocation or for the time of his disability on account of such injuries at the rate of $20 per week not to exceed $1,000.

Subdivision fourth of said section provides that such claims shall be town charges in cases where such fireman was a member of a fire company in a district outside of a city or incorporated village, and further provides that it shall be lawful for any such municipality to contract for insurance indemnifying it against the liability imposed by such section.

Pursuant to the above subdivisions of the General Municipal Law, the Town of Amherst received this policy from the plaintiff which contains, among other provisions, the following:

" The Employers' Liability Assurance Corporation, Limited, of London, England (hereinafter called the Corporation) hereby agrees with the Assured named in the Declarations attached hereto, and made a part hereof, as respects bodily injuries, including death at any time resulting therefrom, covered by this Policy and accidentally sustained by any Volunteer Fireman in the Service of the Assured, as follows:

" (a) To settle or to defend  *  *  *  against claims result-
ing from the liability imposed upon the Assured by law for
damages on account of such injuries."

The policy also contained a subrogation clause as follows:
" Subrogation. Condition F. The Corporation shall be subro-
gated in case of any payment under this Policy, to the extent
of such payment, to all rights of recovery therefor vested by law
in the Assured and/or in any other person claiming hereunder,
against persons, corporations, associations or estates, and the
Assured shall execute all papers required and shall co-operate
with the Corporation to secure its rights."

The question therefore follows — would the Town of Amherst
have had any right to subrogation against the Bramleys had it
paid defendants' claims out of town funds rather than protect-
ing itself by insurance? No provision of the General Municipal
Law affords a town such right but plaintiff claims that the Town
of Amherst would be entitled thereto by principles of equity and,
therefore, the plaintiff would also be entitled to such right.

Under the statute, the Town of Amherst was obliged to pay
the claims of these firemen regardless of whether the injuries
were caused by the act of a fellow employe, a third person or
the claimant himself but the amount for which the town might
become liable is limited by such statute to the sum of $500 for
medical care and the sum of $1,000 for lost time.

It appears that the injuries of the defendants were caused by
the negligence of a third party and that the insurance carrier of
such third party has settled these claims.

It does not appear whether the medical care exceeded the
amount paid by the plaintiff nor whether the lost time exceeded
the amount of compensation, but it does appear that both the
defendants and their insurance carrier knew of this policy and
plaintiff's claim to subrogation, and it might well be that without
such knowledge a larger settlement might have been obtained.

Where, owing to the nature of the subject matter involved,
the contract of insurance is not to be regarded as one of indem-
nity, the company on payment of the loss is not entitled to subro-
gation against a wrongdoer who caused it, at least in the absence
of a stipulation to that effect in the policy (33 C. J., Insurance,
§ 714). Plaintiff urges that the policy must be deemed one of
indemnity by reason of such term's being used in subdivision
fourth of section 205 of the General Municipal Law, and
defendants urge that the policy itself bears the designation
" Employers' Liability Policy " and therefore the contract is
not one of indemnity. Such characterizations are not conclusive

as to the nature of the policy and cannot affect the substance of the contract nor change its legal effect.

According to the agreed statement of facts submitted herein, the defendants commenced their actions against the Bramleys " to recover damages for the personal injuries they suffered on April 28, 1940 "; and defendants received the sum of $8,750 and $6,400 respectively " in full settlement of their claims for personal injuries ", but nowhere does it appear that any part of said payments was for medical services or lost time.

If the loss insured against is not the same loss for which defendants recovered against the Bramleys, neither the Town of Amherst nor the plaintiff has a right of subrogation. (*Suttles* v. *Railway Mail Association*, 156 App. Div. 435.)

In denying defendant's claim to subrogation in the above case, Judge ROBSON stated (p. 438): " It was not the loss of earning capacity, loss of wages, nor the pain or personal disfigurement resulting from the injury, nor necessary expenses for medical or hospital attendance, that were to be covered by the insurance. Though his wages might continue, as they did in this case, to be paid by his employer during the period of his disability, though the pain or personal disfigurement might have been much or little, though the bills for hospital and medical service might have been large, or, on the other hand, merely nominal, yet if such disability resulted in continuous loss of time, the contract required payment of the stipulated weekly sum. But it is these very matters that are not within the contract of insurance, which are the basis of an award of damages against the negligent author of the injury. For that reason it would seem that defendant had no right of subrogation to plaintiff's claim against the wrongdoer."

In my opinion, this policy issued by the plaintiff to the Town of Amherst is not an indemnity contract. It was issued pursuant to the provisions of a statute, the intent of which was to provide protection to volunteer firemen and the payments thereunder were additional compensation for such employees when injured and for that reason neither the town nor the insurance carrier is entitled to subrogation.

Prepare findings accordingly.