Keating, J. (dissenting).
The Insurance Law (§ 167, subd. 2-a) provides that “ No policy insuring against loss resulting from liability imposed by law for bodily injury or death * * * arising out of the ownership, maintenance and use of a motor vehicle * * * shall be issued * * * unless it contains a provision whereby the insurer agrees that it will pay to the insured * * * subject to the terms and conditions set forth therein to be prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation and approved by the superintendent [of insurance'] ” all sums not exceeding $10,000 in case of the injury or death of one person.
Pursuant to this statute, the board of directors of the corporation, with the consent of the Superintendent of Insurance, formulated the following condition, appearing as condition 5 in the endorsement attached to all policies of insurance:
*287 “ (a) The limit of liability of MVAIC for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident is $10,000 * * *
“ (b) Any amount payable under the terms of this endorsement, including amounts payable for care or loss of services, because of bodily injury sustained by one person, shall be reduced by * * * (3) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen’s compensation law, exclusive of non-occupational disability benefits. ’ ’[1]
In Matter of Durant (MVAIC) (15 N Y 2d 408) we sustained the validity of this clause as it applied to a personal injury action even though there was no provision in the statute authorizing the reduction of amounts otherwise payable under the endorsement by the amounts received by the insured pursuant to the Workmen’s Compensation Law.
The purpose of this condition relates to the problem of the subrogation of the rights of the workmen’s compensation carrier and the Motor Vehicle Accident Indemnification Corporation as against the uninsured tort-feasor. (See 1957 Proceedings of the Section on Insurance, Negligence and Compensation Law of the American Bar Association, p. 35.) Thus, in the case at bar, by virtue of the operation of the condition, only the workmen’s compensation carrier would have had recourse against the tort-feasor whereas, if the insured had recovered from both, there would have been a conflict among the two for the limited assets of the tort-feasor.[2]
Where the recovery from the Motor Vehicle Accident Indemnification Corporation is solely for the injuries to the insured— and the insured has personally recovered from the workmen’s compensation carrier, then the condition in the endorsement and the purpose it is designed to effectuate might justify the reduc *288 tion of workmen’s compensation benefits from the amount otherwise owed by the Motor Vehicle Accident Indemnification Corporation, even absent legislative authorization.
A different problem presents itself when the action is being brought, not for the benefit of the injured party, who has already received compensation for the same injury, but for the benefit of the family of the deceased to whom the Legislature has given a right to recover against the MVAIC.
The basis of the statutory creation of the wrongful death action was outlined by Chief Judge (then Associate Judge) Cardozo long ago and it has considerable bearing on the problem presented here. “ Nearly everywhere,” wrote the Chief Judge, “ the principle is now embodied in statute that the next of kin are wronged by the killing of their kinsman. The family becomes a legal unit, invested with rights of its own, invested with an interest in the continued life of its members, much as it was in primitive law. * * * The damages may be compensatory or punitive according to the statutory scheme * * * In either case, the plaintiffs * * * sue to redress an outrage peculiar to themselves,” (Loucks v. Standard Oil Co., 224 N. Y. 99,104.)
The Legislature specifically provided that wrongful death actions may be enforced under the provisions creating the Motor Vehicle Accident Indemnification Corporation. I see no warrant in that legislation for denying a widow and children redress for the violation of their ‘ ‘ peculiar ’ ’ right merely because the deceased received workmen’s compensation benefits for lost time and medical expenses prior to his death. No administrative regulation may deprive those beneficiaries of the right to commence an action for wrongful death.
I would affirm the order of the Appellate Division and remand the case for arbitration of the remaining issues.
Opinion by Judge Scileppi. All concur, Chief Judge Fuld in a separate opinion in which Judges Burke and Bergan also concur, except Judge Keating who dissents and votes to affirm in an opinion.
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. The workmen’s compensation carrier’s right to subrogation is granted pursuant to section 29 of the Workmen’s Compensation Law. This right does not otherwise inhere to other personal injury insurers (Ann., 70 ALR 2d 464, 475). It is for this reason that nonoecupational disability benefits received by an injured party need not be deducted from the amount recoverable from MVAIC.