**Peter CASH, et al., Plaintiffs,**

v.

**STATE FARM FIRE & CAS. CO., Defendant.**

**No. Civ.A. 99D902S.**

United States District Court,
M.D. Alabama,
Southern Division.

Dec. 14, 2000.

Debbie Linsay Jared, Jared & Jared, Jeffrey Wayne Kelley, Elba, AL, for Plaintiffs.

Michael Baird Beers, Constance T. Buckalew, Beers Anderson Jackson Nelson Hughes & Patty, PC, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant's Motion For Partial Summary Judgment, which was filed November 8, 2000. Plaintiffs filed a Response on November 27, and Defendant issued a Reply on December 1. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the Motion is due to be granted in part, and this case is due to be remanded to the Circuit Court of Coffee County, Alabama.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction or venue.

## II. SUMMARY JUDGEMENT STANDARD

The court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is entered only if it is shown "that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). At this juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

This determination involves applying substantive law to the substantive facts that have been developed. A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence presented. *See id.* at 248, 106 S.Ct. 2505; *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The burden then shifts to the non-moving party, which must designate specific facts remaining for trial and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An action will be dismissed when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *See id.* at 587, 106 S.Ct. 1348.

### III. FACTUAL BACKGROUND

Plaintiffs Peter and Mary Cash[1] entered into a contract to purchase a home from Terry and Susan Butts in July 1995. At the time, the Butts' home was insured with State Farm.[2] While the Butts were still in possession of the home, Hurricane Opal whipped through the neighborhood. Plaintiffs moved into the home approximately one month later, and they subsequently discovered various leaks in the roof. In August 1996, Plaintiffs filed a claim with State Farm, alleging that the damages to the roof were caused by Hurricane Opal. State Farm denied the claim, stating that any claim had to be brought under the Butts' policy, because it was the policy in effect during Opal.

At some point, the Butts also filed a claim with State Farm, seeking reimbursement for the same problems of which Plaintiffs complained. State Farm denied this claim, stating that one of its engineers determined that the damages were not caused by the hurricane. (Sorrell Aff.) On July 7, 1999, Plaintiffs and the Butts entered into a contract, whereby the Butts purported to assign and transfer to Plaintiffs "any and all sum or sums of money now due or owing to assignors, and all claims, chose in action, demands, and cause or causes of action of whatsoever kind and nature" that they had against State Farm. (Compl.Ex. A.) Plaintiffs then filed a civil action in the Circuit Court of Coffee County, alleging that State Farm breached its insurance policy and acted in bad faith by refusing to pay the claims filed by the Butts. State Farm removed the case on the basis of diversity.

### IV. DISCUSSION

#### A. *Motion To Strike*

At the outset, before turning to the merits of the case, the court deals with Plaintiffs' motion to strike certain materials that Defendant failed to provide as part of its initial disclosures. Specifically, Plaintiffs object to Defendant's use of the Butts policy and the Sorrell affidavit.[3] The parties acknowledge that the court's Uniform Scheduling order, which is entered in ac-

---

1. "Plaintiffs" or "Cashes."

2. "Defendant" or "State Farm."

3. Although Plaintiffs' Response also objects to use of the Wehrman report, the court has spoken with both parties, and Plaintiffs' counsel concedes that he has grounds to believe the report was, in fact, disclosed. Thus, the court disregards this objection.

cordance with the Federal Rules of Civil Procedure, mandates initial disclosure of relevant evidence in the case. *See* FED. R.CIV.P. 16, 26; M.D.ALA.R.CIV.P. 26.1. The purpose of the rule is to avoid surprise and minimize prejudice. *See Reed v. Iowa Marine & Repair Corp.,* 16 F.3d 82, 85 (5th Cir.1994); *Smith v. Massachusetts Institute of Technology,* 877 F.2d 1106, 1111 (1st Cir.1989). Disclosure is mandatory; material must be excluded unless the non-moving party can show that its failure to disclose is either justified or harmless. *See Burney v. Rheem Mfg. Co.,* 196 F.R.D. 659, 689–93 (M.D.Ala.2000). However, the moving party cannot sleep on its rights; it may not wait until the summary judgment stage to object to the use of materials that it has made no prior reasonable efforts to obtain.

In this case, Plaintiffs have failed to act reasonably, because they elected not to file any motion to compel disclosure at any point in the six months that this case has been pending. Surely, Plaintiffs' counsel had reason to believe that there was some body of information that should have been disclosed initially. Counsel, therefore, should have taken steps to attempt to receive the same. Thus, the court may properly consider the Sorrell affidavit. Moreover, given that Plaintiffs' entire case is based upon Defendant's refusal to pay claims filed under the Butts policy, the court finds that Plaintiffs had knowledge of the policy at the time they filed their Complaint. *See Foremost Ins. Co. v. Parham,* 693 So.2d 409, 422 (1997) (insured is charged with knowledge of insurance policies). Thus, the court finds that Defendant's failure to disclose constitutes an unjustifiable lapse in judgment but was harmless. Accordingly, the motion to strike is denied.

### B. Bad Faith Refusal to Pay

With that housekeeping complete, the court turns to the merits. State Farm objects that Plaintiffs cannot maintain their bad faith claims because any alleged tortious conduct was directed towards the Butts personally. Therefore, State Farm alleges that only the Butts may bring an action for bad faith refusal to pay under the Butts policy. The court agrees.

A federal court sitting in diversity applies the laws of the forum state. Under Alabama law, fraudulent misrepresentation is considered an intentional "personal" tort. *See Kirkpatrick v. White,* 289 Ala. 110, 266 So.2d 268, 271 (1972) (Heflin, C.J.) An insurer's bad faith refusal to pay is considered an intentional tort and a "species of fraud." *See Wooley v. Shewbart,* 569 So.2d 712, 719 (Ala.1990) (Hornsby, C.J.) (concurring in part and dissenting in part); *see also Vincent v. Blue Cross–Blue Shield of Ala.,* 373 So.2d 1054, 1064 (Ala.1979) (Jones, J., concurring); *McLeod v. Life of the S. Ins. Co.,* 703 So.2d 362, 364 (1997). "[I]n the absence of statutory provision, rights of action purely personal do not survive, and are not assignable" to third parties. *Birmingham v. Walker,* 267 Ala. 150, 101 So.2d 250, 259 (1958).

While Alabama law permits the assignment of contractual obligations and rights, *see* ALA.CODE § 8–5–20 (1975), the statute must be read consistently with the Alabama Supreme Court's unambiguous characterization of bad faith actions as tortious, rather than contractual in nature. *See Chavers v. National Sec. Fire & Cas. Co.,* 405 So.2d 1, 5 (Ala.1981) (per curiam). Given that such tortious conduct is intentional, fraudulent, and personal, it cannot be the subject of assignment. *See Kirkpatrick,* 266 So.2d at 271; *Terrell v. Lawyers Mut. Liab. Ins. Co. of N.C.,* 131 N.C.App. 655, 507 S.E.2d 923, 926 (1998). Thus, the court finds that the Butts' purported assignment of their bad faith claim against State Farm violates public policy and is unenforceable.

In so finding, the court acknowledges that some courts in other jurisdictions have reached an opposite conclusion. *See, e.g., Oppel v. Empire Mut. Ins. Co.,* 517 F.Supp. 1305, 1307 (S.D.N.Y.1981) (allow-

ing assignment pursuant to statute); *McLaughlin v. National Union Fire Ins. Co.,* 23 Cal.App.4th 1132, 29 Cal.Rptr.2d 559, 567 (1994) (same); *Blue Cross & Blue Shield of Ga., Inc. v. Bennett,* 223 Ga.App. 291, 477 S.E.2d 442, 444 (1996) (same); *Planet Ins. Co. v. Wong,* 74 Wash.App. 905, 877 P.2d 198, 201 (1994) ("an insured may assign his or her rights to a bad faith claim to a third party"); *see also Mello v. General Ins. Co. of Am.,* 525 A.2d 1304, 1305–06 (R.I.1987) (allowing assignment in limited circumstances but not "advocat[ing] a general policy of allowing assignment of the right to sue an insurance company for bad faith.") Public policy arguments could be made on either side of this issue; it suffices to say that none of the aforementioned cases were cited by Plaintiffs, and, in light of *Kirkpatrick* and *Walker,* the court does not believe that the Alabama Supreme Court would follow them. *See Flintkote v. Dravo Corp.,* 678 F.2d 942, 945 (11th Cir.1982). Thus, Defendant is entitled to summary judgment on Count One of Plaintiffs' Complaint.

Because the Butts' could not assign to Plaintiffs the right to sue State Farm for bad faith, the only remaining issue is whether the Butts' could assign the right to sue for breach of contract. On the one hand, the Butts policy states that it may not be assigned without the written consent of State Farm. (Def.Ex. 2 at 19.) On the other hand, Plaintiffs maintain that they were assigned the *rights to pursue the Butts' claim for breach of contract under policy, rather than the policy itself.* (Butts' Dep. at 74–75.) Thus, they maintain that the contract does not prevent them from pursuing their claim.

The court's believes that Plaintiffs' argument has merit. It is well-settled under Alabama law that "chose *ex contractu,* survive and pass to the executor or administrator as assets in his hand, and are in consequence assignable." *Walker,* 101

So.2d at 259 (quoting *Holt v. Stollenwerck,* 174 Ala. 213, 215–17, 56 So. 912 (Ala. 1911)). The Butts policy, on its face, does not prohibit the Butts from assigning to a third party the right to pursue claims that the Butts' could have brought themselves. Thus, there seems to be no legitimate grounds for not enforcing the assignment. *See Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.,* 945 F.Supp. 1510, 1513 (M.D.Ala.1996) (insurance contracts should be liberally construed to favor the insured).

■■■■■ But, given the finding that summary judgment is due to be granted on Count One, the court *sua sponte* refuses to rule on this issue. The court finds that Plaintiffs' claim for breach of contract does not satisfy the "amount in controversy" requirement necessary to confer subject matter jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1447(c), (d). A federal district court may assert jurisdiction in a case involving citizens of different states only where the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). Because of the significant federalism concerns implicated by removal, all doubts concerning subject matter jurisdiction should be resolved in favor of remand. *See Adams v. American Home Products Co.,* 122 F.Supp.2d 1301, 1302 (M.D.Ala.2000); *Seroyer v. Pfizer, Inc.,* 991 F.Supp. 1308, 1311–12 (M.D.Ala. 1997). In Count Two, Plaintiffs pray for no more than $50,000 plus interest and costs, and Plaintiffs' counsel has stated that recovery almost certainly will not even reach this amount.[4] Therefore, the court finds that the Circuit Court of Coffee County is the appropriate forum for deciding this matter of State law, and this court is without power to assert jurisdiction over the same. *See Moss v. Voyager Ins. Cos.,* 43 F.Supp.2d 1298, 1303–04 (M.D.Ala.1999); *Seroyer,* 991 F.Supp. at 1312.

---

4. Counsel states that the amount at issue under the policy is somewhere between $30,000 and $40,000. Plaintiffs cannot obtain punitive

damages for breach of contract. *See Hobson v. American Cast Iron Pipe Co.,* 690 So.2d 341, 344 (1997).

## V. ORDER

Based on the foregoing, it is CONSID-ERED and ORDERED that Defendant's Motion For Partial Summary Judgment be and the same is hereby GRANTED with respect to Count One of Plaintiff's Complaint. The court has no subject matter jurisdiction over the remaining claim, and it is ORDERED that this case be and the same is hereby REMANDED to the Circuit Court of Coffee County, Alabama, pursuant to 28 U.S.C. §§ 1447(c), (d). The Clerk of Court is DIRECTED to take all necessary steps to effectuate said remand.