MURDOCK, Justice
(concurring specially).
“ ‘The general rule is that when an insurer pays the insured in accordance with the insurance contract for a loss of property proximately resulting from fire caused by the actionable misconduct of a third party, the insurer becomes, by the doctrine of equitable subrogation, the owner, pro tanto, of the claim of the insured against the third party.’ ”
McGuire v. Wilson, 372 So.2d 1297, 1300 (Ala.1979) (quoting City of Birmingham v. Walker, 267 Ala. 150, 154, 101 So.2d 250, 252 (1958)). Indeed, the subrogation clause in Jacob Walker’s employer’s insur-anee policy with Penn National Mutual Casualty Insurance Company (“Penn National”) expressly states:
“If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and do nothing after ‘accident’ or ‘loss’ to impair them.”
Thus, as a result of its payment of insurance proceeds, Penn National has become the beneficial owner of “the claims” that have been filed by Walker against Michael S. Bradford and that remain pending in the trial court. As the main opinion holds, however, this does not necessarily mean that Penn National can file some new claim in its own name against Bradford after the statute of limitations has expired. Further, Penn National has not attempted to substitute itself for Walker as the real party in interest in Walker’s claims (or argued that its cross-claim should be treated as a motion for such substitution). I therefore concur in the main opinion.
The fact remains, however — and I write separately to note — that, because Penn National is now the beneficial owner of “the case” against Bradford, Penn National has the right to control the prosecution of that case, including the selection of counsel. The main opinion observes in a footnote, that Penn National purported to file a separate appeal from an order of the *542 trial court denying its motion to substitute counsel as to those claims but that this Court dismissed that purported appeal as being from a nonfínal, nonappealable order. Although the trial court subsequently purported to certify its order refusing to allow substitution of counsel as final and appealable under Rule 54(b), Ala. R. Civ. P., the appeal of that order already had been dismissed by this Court and, in any event, was not properly subject to such a certification'because it did not conclusively adjudicate any substantive rights of the parties. See, e.g., Banyan Corp. v. Leithead, 41 So.3d 51, 54 (Ala.2009) (holding that the trial court erred in certifying an order as a final, appealable judgment under Rule 54(b) because “the order ... did not completely dispose of any of the substantive claims in this case, nor did the order fully dispose of the claims as they relate to at least one party”).[6] Furthermore, the briefs before us in the present proceeding focus solely on the issue of the dismissal of Penn National’s cross-claim; therefore, there is nothing before this Court that could be treated as a petition for mandamus relief as to this issue.

. See also, e.g., McCulloch v. Roberts, 290 Ala. 303, 305, 276 So.2d 425, 426 (1973) (" 'The test of the finality of a decree sufficient to support an appeal is that it ascertains and declares the rights of the parties(quoting Carter v. Mitchell, 225 Ala. 287, 293, 142 So. 514, 519 (1932))); Lunceford v. Monumental Life Ins. Co., 641 So.2d 244, 246 (Ala.1994) ("A final judgment is an order 'that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ ” (quoting Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990))); State v. Brantley Land, L.L.C., 976 So.2d 996, 999 (Ala.2007) (" ' "Only a fully adjudicated whole claim against a party may be certified under Rule 54(b).” ’ ” (quoting James v. Alabama Coalition for Equity, Inc., 713 So.2d 937, 942 (Ala.1997), quoting in turn Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., 813 F.2d 81, 84 (5th Cir.1987) (emphasis omitted))); and Haynes v. Alfa Fin. Corp., 730 So.2d 178, 181 (Ala. 1999) ("[F]or a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.” (emphasis omitted)).