151 So.2d 405

**AMERICAN LIBERTY INSURANCE COMPANY**

v.

**Joseph B. BURCH, Jr.**

I Div. 920.

Court of Appeals of Alabama.

Jan. 29, 1963.

Rehearing Denied March 12, 1963.

Jack W. Sprinkle, Mobile, for appellant.

J. M. Matranga, Mobile, for appellee.

JOHNSON, Judge.

American Liberty Insurance Company appeals from a judgment rendered in the Circuit Court of Mobile County in favor of appellee who sued on a collision policy.

The Circuit Court overruled appellant's motion for a new trial. One of the grounds for that motion was:

"That the evidence presented to the Court clearly established that the Plaintiff was himself guilty of breach of contract and, therefore, the verdict was contrary to the evidence in the case."

Appellant assigns the overruling of this motion as error.

■ There is no dispute that appellee's wife, who was covered by the policy, was involved in a two-car collision with Drunell W. Wright while the policy was in force and that the company had timely notice of the claim but that no proof of loss was ever filed as required by condition 9 of the policy. Appellant denies appellee's contention that the conduct of appellant's agents led him to believe that no proof of loss was necessary and that his belief was reasonable. We conclude that the company did not waive the policy requirement of proof of loss.

■ It is not disputed that the counsel who represented the appellee in his dealings with Wright in connection with the matter gave him a full release from all liability. The effect of giving such a release is disputed but the appellee claims that, in any event, he should not lose his right to recover on the policy because the general release was given through the inadvertence of his lawyer. Appellee's testimony indicates to us that he intended to release Wright from personal injury liability only. However, he does not deny that his attorney had implied authority to give the general release nor does appellee contend that he is not bound by it.

The effect of giving the general release is stated by condition 13 of the policy:

"Subrogation—Parts I and III. In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute

and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

The appellee breached this condition by giving a general release.

This case differs from Poole v. William Penn Fire Ins. Co., 264 Ala. 62, 84 So.2d 333. There the court held that the insurer by its conduct placed the insured at such a disadvantage that the insured was forced to proceed against the tort-feasor in order to save himself. Although appellee contends that appellant is guilty of similar mala fide conduct, as we indicated above, the evidence does not support his contention.

In Aetna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48, there was no clause whereby the insured became obligated not to do anything that would prejudice the rights which might redound to the insurer.

Having failed to perform two conditions of the policy precedent to the insured's liability, the appellee is not entitled to judgment on the policy and the cause is hereby

Reversed and remanded.

## On Rehearing

JOHNSON, Judge.

At the insistence of appellee Burch we have re-examined the record of this case.

 The evidence establishes the following conduct of James Dennis, independent insurance adjuster, who, the uncontradicted evidence shows, acted as agent for the appellant, and with whom appellee dealt in this matter. On December 24, 1959, Dennis explained to Burch that American Liberty Insurance Company would pay his property damage after he signed a proof of loss. On January 5, 1960, Dennis sent Burch a proof of loss and a medical loss contract along with a letter requesting that he sign and return them. When Burch signed the medical loss contract on February 24, 1960, in Dennis' office, Dennis

"told him we need a Proof of Loss". Monthly, until the general release was given, Dennis told Burch's attorney to include property damage in any suits against Wright.

Dennis' conduct did not cause the appellant to waive his contractual right to receive a signed proof of loss.

Application for rehearing overruled.