Joseph J. Boswell and James T. Strickland, Mobile, Ala., for plaintiff.

Richard W. Vollmer, Jr., Mobile, Ala., for State Farm Mut. Ins. Co.

Joseph Matranga, Mobile, Ala., for Ann Harnish.

**Paul A. DANCY, etc., Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants (two cases).**

Civ. A. Nos. 5813–69, 6221–70.

United States District Court,
S. D. Alabama, S. D.

March 30, 1971.

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PITTMAN, District Judge.

Plaintiff, Paul A. Dancy, filed two separate bills of complaint in the Circuit Court of Mobile County, Alabama, on October 29, 1969. The first complaint seeks $100,000 as damages from an alleged fraudulent failure to include or to pay under the provision of an uninsured motorist provision of the policy of automobile insurance issued by the defendant, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). The second complaint seeks $10,000 under the terms of the policy. The order of this court addresses itself only to the second complaint seeking $10,000 as damages under the policy and State Farm's third party complaint.

On December 24, 1969, defendant, State Farm, removed the case to this court. Jurisdiction is founded upon diversity of citizenship. Having duly filed its answer, defendant filed a motion for summary judgment.

For background, the following are the facts of the case. The policy of insurance is admitted by both parties to have been in force on January 1, 1969, at which time plaintiff's minor son, Douglas Dancy, sustained injuries causing his death that same day. Douglas Dancy was, at the time of the accident, a passenger in an automobile operated by Dennis Earl Arant. The Arant automo-

bile, which was insured by Allstate Insurance Company, collided with an uninsured automobile.

Plaintiff, Paul A. Dancy, executed a covenant not to sue, wherein Allstate Insurance Company, for and on behalf of Dennis Earl Arant, paid $7,500 to the plaintiff. This action by the plaintiff violated the terms of the State Farm policy as it related to uninsured motorist coverage.

The State Farm policy, in a clause entitled "Exclusions—Insuring Agreement III," required written consent by the defendant-insurer prior to settlement by the plaintiff-insured "with any person or organization who may be legally liable therefor." The Alabama Supreme Court has not spoken as to the validity of such a clause in Alabama. The Court of Appeals of Alabama, in American Liberty Insurance Company v. Burch, 42 Ala.App. 31, 151 So.2d 405 (1963), denied recovery following a breach of a similar condition wherein the insured signed a full release, thus interfering with the subrogation rights of the insurer.

The Alabama Supreme Court has recently invalidated an "other insurance" clause commonly found within the uninsured motorist provision of insuring agreements. As a consequence, where the loss exceeds the limits of one policy, the insured may proceed under the other available policies—"stacking" the policies to cover his loss. Safeco Insurance Company v. Jones, 286 Ala. 606, 243 So. 2d 736 (1970).

Practices indulged by insurance companies seeking to avoid liability imposed by the Uninsured Motorist Statute, Title 36 § 74(62), Code of Alabama, 1940 (Recomp.1958) were of paramount concern in the recent *Jones* decision. The case sub judice, however, involves no acceptance of a premium for phantom coverage, nor is the provision such a practice condemned in letter and spirit in *Jones*. Here the insurer has alleged, and the plaintiff has admitted facts constituting a breach of the policy terms. The defense asserted is not an attempt to limit coverage, but an attempt to ensure to the insurer the rights for which it had bargained in the insuring agreement, more particularly, the right of subrogation. The third party complaint of defendant and third party plaintiff, State Farm, seeks only to enforce its subrogation rights to the extent that State Farm is found to be liable to plaintiff, Dancy.

Therefore, and in accordance with the foregoing, it is hereby ordered, adjudged and decreed that the defendant State Farm Mutual Automobile Insurance Company have summary judgment against the plaintiff, Paul A. Dancy, as to complaint No. 2, plaintiff's action on the contract. It is further ordered, adjudged and decreed that the third party complaint of State Farm Mutual Automobile Insurance Company against Ann Harnish, a minor, and Delbert E. Harnish be dismissed.

Costs are taxed against the plaintiff, Paul A. Dancy.