MARY F. MARSH *et al.*, Plaintiffs-Appellants *v.* PRESTIGE INSURANCE GROUP, Defendant-Appellee.

First District (3rd Division)    No. 77-143

Opinion filed March 15, 1978.

Alan Kawitt, of Chicago, for appellants.

Greenberg, McCarthy & Riley, of Skokie (Fred Rabinowitz, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This is an appeal from an order granting summary judgment in favor of the defendant Prestige Insurance Group and against the plaintiffs Mary F. Marsh and Juanita Artis. Marsh was an owner of an automobile insured by the defendant. While she was driving and Artis was a passenger she became involved in an accident with two other vehicles. One of the vehicles was an unknown hit-and-run car and the other vehicle was driven by Tommie Lindsay, Jr., who was insured by another insurance company. The plaintiffs brought this action to compel arbitration under the uninsured motorist provision of the policy issued by Prestige.

The defendant moved for a summary judgment on the ground that the plaintiffs had entered into a settlement and executed releases in favor of Lindsay. The defendant contends that that settlement violated two provisions of the contract of insurance.

The defendant's first contention is based on a provision in the policy reciting that the company shall be subrogated to all of the insured's rights to recovery and "The insured shall do nothing after loss to prejudice such rights." The defendant argues that the release of one joint tort-feasor, Lindsay, also released the uninsured motorist and thereby prejudiced the subrogation claim against the uninsured motorist.

To be entitled to a motion for summary judgment under section 57

of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) the defendant here must prove that there "is no genuine issue as to any material fact." A summary judgment will not be granted unless the moving party's right to that judgment is clear and free from doubt. (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 240 N.E.2d 699.) The only facts before the court in this motion for summary judgment show that the accident occurred on December 12, 1971, and that the settlement was entered into on July 7, 1975, almost four years after the occurrence. The record does not reveal whether the hit-and-run motorist was capable of being located or whether there were any actions for personal injuries that could be pursued by the subrogee long after the statute of limitations had apparently run. The question of prejudice must be considered in light of the facts in the particular case. The fact that the settlement releases any subrogation right does not under the circumstances stated show that the defendant has been prejudiced. We believe the question of prejudice here presents a genuine issue of material fact and for that reason the motion for summary judgment on this issue should have been denied.

The defendant also contends that coverage should be denied under the exclusions provision which provides that the policy does not apply under the uninsured motorist coverage if the insured makes any settlement with anyone who may be legally liable "* * * without written consent of the company, * * *." The defendant relies on the case of *Tuthill v. State Farm Insurance Co.* (1974), 19 Ill. App. 3d 491, 311 N.E.2d 770, where under similar circumstances the court said the words of the exclusion were clear and unambiguous and the words should be taken in their plain, common, ordinary and popular sense. The court there refused to set aside the dismissal of the insured's complaint.

In the recent case of *M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 363 N.E.2d 809, the Illinois Supreme Court considered the breach of a cooperation clause in a standard automobile insurance policy. There the insured stated to his insurer immediately after the accident that he was driving the car but later said that someone else was driving the car. The company denied liability. The supreme court noted that regardless of who was driving, the insurer was still liable. The court considered whether the insurer must show prejudice to be relieved of liability. In finding that prejudice was necessary it reasoned that the public is the beneficiary of an automobile insurance policy. The prime objective of the cooperation clause is to prevent collusion between the injured and the insured as well as to allow the insured to prepare its defense. It concluded by saying at pages 499-500 "[U]nless the alleged breach of the cooperation clause substantially prejudices the insurer in defending the primary action, it is not a defense under the contract."

In the case at bar the exclusion under consideration applies

specifically to uninsured motorist coverage. The apparent purpose of such a provision is to protect the subrogation rights of the insurer. Unless those rights are jeopardized we do not believe that the insurer should be allowed to be relieved of its responsibility under the contract. We believe the appropriate rule to be applied in this situation is the same as that which was applied in *M.F.A. Mutual Insurance Co.*, that is, the insurer must show that the alleged breach substantially prejudiced the insurer. On this motion for summary judgment there is a genuine issue of material fact as to whether the defendant has been prejudiced in its subrogation rights by the plaintiff's settlement without the written consent of the company.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for such further proceedings as may be consistent with this opinion.

Reversed and remanded.

McNAMARA and SIMON, JJ., concur.