This is an appeal under Rule 4(a)(1)(A), A.R.App.P., from an order granting an injunction restraining appellant, United Services Automobile Association (USAA), from withholding its permission and consent for plaintiff William C. Allen, father of William Craig Allen, deceased, and administrator of his estate, to receive from Rockwood Insurance Company, on behalf of Rockwood's insured, James Kenneth Morris, the $20,000 policy limits for the death of one person.
William Craig Allen was killed in an automobile accident on September 28, 1985. He was a passenger in a motor vehicle driven by Morris, which allegedly ran off the road while travelling at a high rate of speed and hit an embankment. Morris was also killed. Morris had insurance with Rockwood with policy limits of $20,000 for the death of one person. Allen had "The Easy Reading Auto Policy" with USAA, which insured three vehicles. The declarations page showed that the policy provided $300,000 for each person for bodily injury caused by an uninsured motorist. The uninsured motorist coverage (Mississippi, form 5474 (04) Rev. 2-84) defined "uninsured motor vehicle" as a vehicle:
 "2. To which a liability policy applies at the time of the accident. In this case its limit for liability must be less than the limit of liability for this coverage."
In response to a letter from the plaintiff's attorney, USAA on March 11, 1986, wrote:
 "According to the terms of our policy, you do not require our permission to file suit against the tortfeasor. You do require our consent, however, to accept the tortfeasor's limits of liability and to sign a release for the limits. In this connection, we would ask that you keep us informed of any settlement negotiations, and if settlement for the policy limits is imminent."
Thereafter, suit was filed in federal district court against Morris's estate for Allen's wrongful death and against USAA for the maximum amount recoverable under its policy. By letter dated April 9, 1986, the plaintiff's attorney informed USAA that Rockwell had offered plaintiff $20,000, which was the limit of Morris' liability policy. The letter had attached to it a copy of the March 11, 1986, letter from USAA and contained the following sentences: "Attached is a letter from USAA's Mr. Bennett, which advises that I must secure USAA's permission before receiving this sum. Please let me know if USAA requires any particular wording in the release from my client's estate to the estate insured by Rockwood, and provide me with permission to receive these policy proceeds." USAA filed a motion to dismiss the federal case for lack of diversity. The suit was dismissed.
On September 9, 1986, five months after permission had been requested by plaintiff to accept Rockwood's offer of the policy limits, this suit was filed in the Circuit Court of Coffee County, Elba Division, seeking an order requiring USAA to perform its contractual obligations under the policy, "including his right to approval of the third party policy limits." USAA's answer, as amended, included the following: "Defendant [USAA] avers that the policy in question excludes coverage if the insured [Allen] settles any claim with the uninsured motorist without the [insurer's] consent, and that defendant has not unreasonably withheld its consent in this cause."
The injunctive aspect of this case was set for hearing, after which the order referred to at the beginning of this opinion was entered.
The action seeks damages under the insurance contract and compensatory and punitive damages for bad faith. These issues are not before us, and Judge Terry Butts provided for this in his order: "The ultimate liability of defendant to plaintiff, if any, shall be determined by the Court upon the remaining counts contained in the complaint, and if any judgment shall be entered against defendant a reduction of same in the sum of $20,000 shall be determined by the Court in accordance with the policy of insurance issued plaintiff by defendant."
USAA's briefs are filled with citations on the law of injunctions, which contain *Page 508 
correct propositions of law: An injunction is to be issued only to prevent substantial injury where no adequate remedy at law is available, Hill v. Rice, 259 Ala. 587, 67 So.2d 789
(1953); courts will not exercise the extraordinary power of injunction merely to allay apprehension of injury — the injury must be both imminent and irreparable in a court at law,Cullman Property Co. v. H.H. Hitt Lumber Co., 201 Ala. 150,77 So. 574 (1917); and the discretion exercised by trial courts in granting injunctive relief is a legal or judicial one subject to review for abuse or improper exercise, Teleprompter ofMobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala. 1983);Lorch, Inc. v. Bessemer Mall Shopping Center Inc., 294 Ala. 17,310 So.2d 872 (1975).
The problem that we have is applying these propositions of law to the facts before us so that they inure to USAA's advantage. Clearly, plaintiff cannot recover the $20,000 under its contract claim against USAA. The policy provides "[w]e [USAA] will pay under this coverage [uninsured motorist] only after the limits of liability under any applicable liability . . . policies . . . have been exhausted by payment of judgments or settlements." (Emphasis supplied). USAA seems to contend that plaintiff did not suffer an irreparable injury because he had an adequate remedy at law, i.e., a bad faith claim against USAA. With the tortured history of the tort of bad faith, we cannot hold that a trial court abuses its discretion by granting injunctive relief to a plaintiff who will suffer substantial and irreparable injury unless he can recover against the defendant for the tort of bad faith.
On the other hand, if we held that the plaintiff had a remedy under the tort of bad faith, this may adjudicate the issue of bad faith under the doctrine of the law of the case (see Blumberg v. Touche Ross Co., 514 So.2d 922 (Ala. 1987)), and we are hesitant to do so on the meager facts before us.
Plaintiff can recover uninsured motorist benefits from USAA only after the limits of applicable liability policies have been exhausted by payment of judgments or settlements. USAA informed plaintiff that USAA's consent was required before plaintiff could accept the tort-feasor's limits of liability and sign a release. Plaintiff has requested that USAA consent to plaintiff's settlement with the tort-feasor's insurer for the liability policy limits. There is nothing in the record before us to show that USAA had a reasonable basis for withholding such consent. Almost one year (April 9, 1986, to April 2, 1987) after this consent was requested and almost six months (September 9, 1986, to April 2, 1987) after suit was filed seeking an injunction to enjoin USAA from withholding such consent, the injunctive relief was granted. Enough is enough. We refuse to hold that the trial court abused its legal or judicial discretion in granting the injunction, and we affirm.
AFFIRMED.
TORBERT, C.J., and JONES and ADAMS, JJ., concur.
MADDOX, J., concurs specially.