**G.P. THOMPSON, III, Plaintiff,**

v.

**AMERICAN STATES INSURANCE COMPANY, Defendant.**

Civ. A. No. 87–H–1132–N.

United States District Court,
M.D. Alabama, N.D.

March 29, 1988.

**560**

Louis C. Rutland, Union Springs, Ala., and Beasley, Wilson, Allen & Mendelsohn, Frank M. Wilson, Montgomery, Ala., for plaintiff.

Rushton, Stakely, Johnston & Garrett, Ronald G. Davenport, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

Underinsured, G.P. Thompson, sued his uninsured motorist carrier, American States Insurance Company, in state court for uninsured motorist coverage pursuant to Alabama Code § 32-7-23, as amended.[1] Defendant removed this cause to federal court. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1332 (1982). For the reasons that follow, this Court determines that the defendant's motion for summary judgment is due to be denied.

### FACTS

The affidavits and pleadings filed with this Court disclose the following undisputed facts.

On October 18, 1985, plaintiff Thompson, while driving a rental truck for Thompson Enterprises, collided with a car driven by Calvin Ogletree. Plaintiff suffered severe injuries as a result of this accident and Ogletree died as a result of this accident.

After the accident, plaintiff settled his claim against Ogletree's estate for $20,000. The $20,000 sum represented the policy limits of Ogletree's insurance, but that sum was less than the damages allegedly sustained by plaintiff. Contemporaneously with the settlement, plaintiff executed a general release in favor of Ogletree's estate and Ogletree's liability insurer.

After execution of this settlement and release, the estate of Ogletree brought a wrongful death action against Thompson and his employer, Thompson Enterprises, alleging Thompson's negligent operation of the rental truck caused the accident which led to Ogletree's death. Thompson and Thompson Enterprises counterclaimed against Ogletree's estate alleging Ogletree's negligence caused the accident. The Thompson counterclaim was dismissed by the court and, upon trial of the Ogletree claim, the jury found for Thompson and Thompson Enterprises.

Prior to the accident at issue, Thompson Enterprises had obtained an insurance policy issued by American States which covered certain listed automobiles (American States policy). Liability coverage under the American States policy did not extend to rented vehicles. The American States policy provided uninsured motorist coverage to Thompson Enterprises.

Plaintiff is seeking to recover under the uninsured motorist coverage provided by the American States policy. Defendant has denied that plaintiff was covered by the uninsured motorist coverage provisions of the American States policy on four grounds. *See* Motion to Dismiss Or, In the Alternative, Motion for Summary Judgment, filed November 18, 1987.

First, defendant contends that the state court dismissal of Thompson's counterclaim against the estate of Ogletree is a bar to plaintiff's suit against defendant.

---

1. Alabama Code § 32-7-23, as amended, states:
   (b) The term "uninsured motor vehicle" shall include, but is not limited to, motor vehicles with respect to which:
      (4) The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover.

   Thus, although plaintiff is really underinsured, he is treated like an uninsured for purposes of Alabama law.

Second, defendant asserts that plaintiff may not claim uninsured motorist coverage without first recovering a judgment against the uninsured motorist, Ogletree, which plaintiff has not done.

Third, defendant contends that the American States policy extended liability insurance coverage only to certain listed vehicles. Rented vehicles were not covered by the liability provisions of the American States policy. Because liability insurance coverage did not extend to the rented vehicle which plaintiff was driving at the time of the accident, defendant contends that the American States policy did not have any uninsured motorist coverage for the injuries plaintiff sustained.

Fourth, defendant seeks to deny uninsured motorist coverage because the no-consent-to-settlement clause which was contained in the American States policy was violated by plaintiff. The no-consent-to-settlement clause states that the insured is not covered for any claim he settles without the consent of his insurer. Plaintiff settled his claim against the liability insurer and estate of Ogletree without the consent of defendant. Defendant asserts that because this settlement cuts off its contractual subrogation rights that it violates the no-consent-to-settlement clause, thereby voiding any claim plaintiff may have to uninsured motorist coverage.

This Court will treat defendant's November 18, 1987 motion as a motion for summary judgment, and will consider each of the four grounds asserted by defendant.

### I

■ In determining whether the state court dismissal of Thompson's counterclaim against the estate of Calvin Ogletree is a bar to plaintiff's claim against defendant, state law is used as the measure of preclusion. 18 Wright & Miller, *Federal Practice & Procedure* § 4472, at 727 (1981). In Alabama, a full and fair adjudication as to the merits of a claim is a bar to relitigation of that claim between the same parties or their privies. *Ashurst v. Preferred Life Assurance Soc'y of Montgomery*, 282 Ala. 119, 209 So.2d 403, 409 (1968).

In order to recover on his claim for uninsured motorist coverage, plaintiff must prove that the uninsured motorist, Ogletree, was negligent or at fault. *State Farm Ins. Co. v. Griffin*, 51 Ala.App. 426, 286 So.2d 302 (1973). In the prior state action in which plaintiff brought a counterclaim for negligence against the estate of Ogletree, the state court granted summary judgment because plaintiff Thompson had executed previously a release of all claims he had against the estate of Ogletree and Ogletree's insurer. The state court did not determine that Ogletree was not negligent. Defendant cannot use the prior state court summary judgment as a final adjudication that Ogletree, the uninsured motorist, was not negligent. The issues are not the same.

### II

■ This Court agrees with plaintiff that Alabama law does not require the insured to recover a judgment against the uninsured motorist before he can recover under his uninsured motorist coverage. *State Farm Ins. Co. v. Griffin*, 51 Ala.App. 426, 286 So.2d 302 (1973). In order to recover uninsured motorist coverage, plaintiff must "establish fault on the part of the uninsured motorist, which gives rise to damages, and [he] must be able to prove the extent of those damages." *Griffin*, 286 So.2d at 306. Plaintiff's failure to obtain a prior adjudication that Ogletree, the uninsured motorist, was at fault for the accident at issue, is not a bar to plaintiff's present claim for uninsured motorist coverage. *State Farm Ins. Co. v. Baldwin*, 764 F.2d 773 (11th Cir.1985).

### III

■ Alabama law is quite clear that uninsured motorist coverage inures to the person and not the vehicle. *State Farm v. Jackson*, 757 F.2d 1220 (11th Cir.1985); *State Farm v. Jackson*, 462 So.2d 346 (Ala. 1984); *St. Paul Ins. Co. v. Henson*, 479 So.2d 1253 (Ala.Civ.App.1985); *Gatson v. Integrity Ins. Co.*, 451 So.2d 361 (Ala.Civ. App.1984). Under *Jackson*, the American States policy would provide uninsured mo-

torist coverage to all persons defined as "insureds" under the policy terms, notwithstanding that liability coverage extended only to certain named automobiles. Defendant does not dispute that plaintiff was an "insured" within the meaning of the American States policy. However, defendant argues that *Jackson* should not apply in the commercial context.

An examination of Alabama law does not reveal a basis for making such a distinction. Alabama Code § 32–7–23 (Supp.1987) provides coverage for "the protection of persons insured." For policy reasons, Alabama courts have viewed any arguments for restricting uninsured motorist coverage with particular disfavor. *Alabama Farm Bureau Co. v. Mitchell,* 373 So.2d 1129, 1133–34 (Ala.Civ.App.1979). This Court does not believe Alabama law would view this argument for restricting uninsured motorist coverage in any other way. For most purposes, as with the instant policy, the corporate entity is considered to be a "person." Alabama's Uninsured Motorist Statute (UMS) provides uninsured motorist coverage for the "person" and that personal coverage cannot be excluded because the insured person was driving a vehicle which was not covered under the liability portions of the insurance policy at the time of the accident. *St. Paul Ins. Co. v. Henson,* 479 So.2d 1253 (Ala.Civ.App.1985).

### IV

Plaintiff's settlement with the estate of the uninsured motorist, Ogletree, violated the no-consent-to-settlement clause of the American States policy. Defendant contends that the no-consent-to-settlement clause protected defendant's contractual right to subrogate. Defendant contends that by settling, plaintiff has unduly prejudiced defendant's contractual right to subrogate and, by operation of the exclusionary clause, has excluded coverage under the American States policy.

In considering the enforceability of the no-consent-to-settlement exclusionary clause, a number of courts have drawn a distinction between settlement with an uninsured motorist tortfeasor and settlement with an insured tortfeasor. *See* Validity, Construction, and Effect of "No–Consent–To–Settlement" Exclusion Clauses in Automobile Insurance Policy, 18 ALR4th 249 (1982). In Alabama, in the latter situation, the no-consent-to-settlement clause has been held unenforceable. *Alabama Farm Bureau Ins. Co. v. Humphrey,* 54 Ala.App. 343, 308 So.2d 255 (1975); *Alabama Farm Bureau Ins. Co. v. Clem,* 49 Ala.App. 457, 273 So.2d 218 (1973). In the former situation, the Alabama state courts have not directly ruled on the enforceability of the no-consent-to-settlement exclusionary clause. *Dancy v. State Farm Mutual,* 324 F.Supp. 964, 965 (S.D.Ala.1971); *Humphrey,* 308 So.2d at 258.

Specifically noting that Alabama's UMS, unlike the UMS of other states, does not provide a statutory right to subrogate, the Alabama Court of Civil Appeals has refused to recognize an uninsured motorist carrier's contractual right to subrogate to the rights of its insured as against an *insured joint tortfeasor,* where recognition of such a right would exclude the insured's uninsured motorist coverage. *Clem, supra,* 273 So.2d at 221. The court's refusal to recognize the uninsured motorist carrier's contractual right to subrogate against the insured joint tortfeasor is contrary to its recognition of an insurance company's contractual right to subrogate in other contexts. *See, e.g., City of Birmingham v. Walker,* 267 Ala. 150, 101 So.2d 250 (1958); *American Liberty Ins. Co. v. Burch,* 42 Ala.App. 31, 151 So.2d 405 (1963). The Alabama Court of Civil Appeals has reasoned that a right to subrogation "when applied to settlement with or recovery from tortfeasors *other than the uninsured motorist* is contrary to the intent of the uninsured motorist statute," because when applied in conjunction with the no-consent-to-settlement clause it "conditions uninsured motorist coverage upon the surrender by the insured of any right to settle with or to recover from an insured tortfeasor." *Humphrey,* 308 So.2d at 257.

Accordingly, the Alabama Court of Civil Appeals has held that where a plaintiff settles with an insured tortfeasor, opera-

tion of the no-consent-to-settlement exclusionary clause restricts unlawfully the coverage mandated by Alabama's UMS and is void. *Clem,* 273 So.2d 221–222.

In this case, the plaintiff has not settled with the insured joint tortfeasor, but with the *uninsured* or *under insured motorist.* Where settlement was with the uninsured or underinsured motorist, Alabama law appears to uphold the enforceability of the no-consent-to-settlement exclusionary clause, at least to the extent of requiring some notice to the insurance company and a request of the insurance company to agree to the settlement. In *USAA v. Allen,* 519 So.2d 506 (1988), the Alabama Supreme Court held that an uninsured motorist carrier cannot unreasonably withhold its consent to a settlement between its insured and the uninsured motorist. If the insurer had no right to require its consent to settlement, the court in *Allen* would not have needed to consider whether the insurer unreasonably withheld its consent. Thus, by implication, in *Allen,* the Alabama Supreme Court seemed to say that an unreasonable settlement obtained without at least seeking the insurer's consent would void coverage because of the no-consent-to-settlement clause.

The Southern District of Alabama sought to apply Alabama law in upholding the enforceability of the no-consent-to-settlement clause where the insured settled with the uninsured motorist without the uninsured motorist carrier's consent. *Dancy v. State Farm Ins. Co.,* 324 F.Supp. 964 (S.D. Ala.1971). This district court reasoned that the no-consent-to-settlement exclusionary clause was "not an attempt to limit coverage, but an attempt to ensure to the insurer the rights for which it had bargained in the insuring agreement, more particularly, the right of subrogation." *Id.* at 965.

Many courts have noted the inconsistency between enforcing the no-consent-to-settlement clause where the insured has settled with the uninsured motorist and voiding operation of the exclusionary clause where the insured has settled with an insured joint tortfeasor. Some courts have resolved this inconsistency by holding simply that, absent prejudice to, or inequitable conduct by, the insurer, the no-consent-to-settlement clause is enforceable in all events. *See, e.g., Government Employees Ins. Co. v. Sutton,* 400 So.2d 476 (Fla.Dist. Ct.App.1981); *Tuthill v. State Farm Ins. Co.,* 19 Ill.App.3d 491, 311 N.E.2d 770 (1974). These state courts have upheld this exclusionary provision as necessary to protect the uninsured motorist carrier's contractual right to subrogate. Only one state has held that the no-consent-to-settlement clause is unenforceable in all events, even where such settlement prejudices the insurer. *See Niemann v. Travelers Ins. Co.,* 368 So.2d 1003 (La.1979). As a general rule, the Louisiana Supreme Court found that Louisiana's UMS voided any exclusionary contractual provisions. In the absence of a statutory grant of subrogation rights to the uninsured motorist carrier, the Louisiana Supreme Court refused to recognize an uninsured motorist carrier's right to subrogate. The Louisiana Supreme Court held that if the uninsured motorist carrier is to be afforded a right to subrogation, the statute will have to be amended by the legislature. *Niemann,* 368 So.2d at 1008. Accordingly, finding that the no-consent-to-settlement clause does not protect a valid right of the uninsured motorist carrier, the Louisiana Supreme Court has held that the clause is void because it restricts the uninsured motorist coverage mandated by statute.

Irrespective of whether a right to subrogate is created statutorily or at common law, in other contexts Alabama courts have enforced contractual subrogation rights where such enforcement has not violated public policy. *City of Birmingham v. Walker,* 267 Ala. 150, 101 So.2d 250 (1958). Prejudice to these contractual subrogation rights were viewed as creating the need for enforcement of the no-consent-to-settlement clause.

However, where the insured has settled with the uninsured motorist, enforcement of the no-consent-to-settlement clause does to some extent restrict the uninsured motorist coverage mandated by statute. This restriction encroaches upon the express

public policy of Alabama's UMS that "a person injured by an uninsured motorist will be able to recover from whatever source available up to the total amount of his damages." *Humphrey*, 308 So.2d at 257.

The trend in Alabama case law is not to enforce any exclusionary clause which limits uninsured motorist coverage. *Alabama Farm Bureau Ins. Co. v. Mitchell*, 373 So.2d 1129, 1134 (Ala.Civ.App.1979); *Humphrey*, 308 So.2d at 257.

In the absence of any resolution of the precise question presented here, this Court makes what it hopes is a reasoned prediction of how the Alabama courts would resolve the precise issue if presented. This Court's prediction reflects a considered balancing of the insurance company's contractual right to subrogate and the public policy of Alabama's UMS, in light of the Alabama case law presently published.

This Court concludes that Alabama, if presented with this precise issue, would adopt the reasoning set forth in *Tucker v. Seward*, 400 So.2d 505 (Fla.Dist.Ct.App. 1981); *Marsh v. Prestige Ins. Co.*, 58 Ill. App.3d 894, 16 Ill.Dec. 390, 374 N.E.2d 1268 (1978); *Aetna Casualty & Surety Co. v. Poirier*, 371 Mass. 257, 356 N.E.2d 452 (1976).

Before settlement by the insured with an uninsured motorist can be regarded as a breach of the no-consent-to-settlement exclusion clause sufficient to relieve the insurer of its liability under the uninsured motorist endorsement, such breach must be shown to be prejudicial to the insurer. This rule achieves the same result as those cases from other jurisdictions which have held that the uninsured motorist carrier has waived the no-consent-to-settlement clause, or is estopped to assert it as a defense, where the insurer has arbitrarily withheld consent to settlement, without reason or purpose, or has denied liability under the terms of the uninsured motorist endorsement. *See, e.g., Havanich v. Safeco Ins. Co.*, 557 F.2d 948 (2d Cir. 1977) (applying Connecticut law, denial of liability under policy); *Porter v. Empire Fire & Marine Ins. Co.*, 12 Ariz.App. 2, 467 P.2d 77 (1970) (denial of liability under policy); *Benson v. Farmers Ins. Co.*, 227 Kan. 833, 610 P.2d 605 (1980) (arbitrary withholding of consent); *Pickering v. American Employers Ins. Co.*, 109 R.I. 143, 282 A.2d 584 (1971) (arbitrary withholding of consent).

If the insured's settlement with the uninsured motorist was clearly fair and reasonable, representing substantially the total amount which could reasonably have been recovered from the uninsured motorist after full pursuit of the insured's claim, that settlement would not exclude uninsured motorist coverage by operation of the no-consent-to-settlement clause, notwithstanding that such settlement was obtained without the carrier's consent. For example, if a judgment proof uninsured motorist's only asset was a liability policy with a policy limit of $20,000, the insured's settlement for the uninsured motorist's policy limits without the insurer's consent could not prejudice the interest of the uninsured motorist carrier and under such circumstances clearly would be in the interest of the insurer and the injured plaintiff. Such a resolution would provide reasonable protection for the insurance company while preventing it from taking unfair advantage of a settlement which clearly was in its interest as well as in the interest of the injured plaintiff. The plaintiff obviously would run a risk in entering into settlement with the uninsured motorist without first seeking the insurer's consent, but the insurance company could not act as a "dog in the manger," where the settlement was fair and in its interest by seeking to void its liability because its consent was not obtained.

In this case, an issue of fact exists as to whether plaintiff Thompson's failure to obtain American States' consent to plaintiff's settlement with the uninsured motorist prejudiced in any way the interests of the defendant. Accordingly, this Court cannot rule as a matter of law that the breach of the no-consent-to-settlement clause voids uninsured motorist coverage.

## CONCLUSION

For the above mentioned reasons, this Court determines the motion for summary judgment filed by defendant American States is due to be denied.

A separate order will be entered in accordance with this memorandum opinion.