2023 IL App (1st) 220627-U

THIRD DIVISION
AUGUST 30, 2023

No. 1-22-0627

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

|  |  |  |
|---|---|---|
| FERNANDO LAGUNAS, | ) | Appeal from the |
|  | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
|  | ) |  |
| v. | ) | No. 19 CH 05881 |
|  | ) |  |
| AMERICAN HEARTLAND INSURANCE COMPANY, | ) | Honorable |
|  | ) | Alison C. Conlon, |
| Defendant-Appellee. | ) | Judge Presiding. |
|  | ) |  |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice McBride and Justice R. Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirming the denial of the insured's motion for summary judgment and grant of the insurer's motion for summary judgment where (1) the insured settled with a driver who may have been liable for the insured's injuries in violation of automobile policy's exclusion barring such settlement without the insurer's consent, and (2) the insured's settlement substantially prejudiced the insurer's right to recover against the other driver.

¶ 2    Plaintiff Fernando Lagunas was injured in a motor vehicle accident involving two other drivers, Keona Baker (Baker) and Patrick Stephens (Stephens), one of whom (Stephens) was uninsured. Plaintiff filed an uninsured motorist claim with his insurance company, defendant

American Heartland Insurance Company, followed by a demand for arbitration with the American Arbitration Association (AAA) which he ultimately did not pursue. Plaintiff, at defendant's direction, also filed suit against the other two drivers. In the course of that litigation, plaintiff settled his claim with Baker and executed a release releasing her and her insurer from any liability for his injuries. Upon learning of the settlement, defendant denied plaintiff's uninsured motorist claim, based on an exclusion in plaintiff's insurance policy which barred coverage if plaintiff settled with anyone "who may be legally liable" to plaintiff without defendant's written consent.

¶ 3    Plaintiff filed a complaint for declaratory judgment, asking the circuit court to declare that Baker was not legally liable to plaintiff and, therefore, he was entitled to uninsured motorist coverage. Defendant filed a counterclaim for declaratory judgment, asking the circuit court to declare that plaintiff's claim was properly excluded and that defendant was not required to pay plaintiff under the policy. On the parties' cross-motions for summary judgment, the circuit court granted defendant's motion and denied plaintiff's motion, finding that the exclusion barred plaintiff's claim. In addition, the circuit court found that plaintiff was barred from recovery since he did not proceed with AAA arbitration. Plaintiff appealed and, for the following reasons, we affirm.

¶ 4                                    BACKGROUND

¶ 5                    *The Insurance Policy and the Incident at Issue*

¶ 6    In October 2013, defendant issued plaintiff an automobile insurance policy consisting of bodily injury coverage of $20,000 per person/$40,000 per accident and property damage coverage of $15,000 per accident. The policy also included uninsured motorist coverage of $20,000 per person/$40,000 per accident. As relevant to the instant case, the policy contained an

exclusion stating that uninsured motorist coverage did not apply if the insured settled with any person "who may be legally liable" for the injury without defendant's written consent. The policy further provided that any payment under the uninsured motorist portion of the policy would be reduced by any sums paid on account of the injury by the owner of the uninsured vehicle or by any other person jointly or severally liable for the injury. In addition, the policy stated that if defendant paid the insured pursuant to an uninsured motorist claim, defendant would be subrogated to the insured's rights of recovery against any person or organization legally responsible for the injury and would be entitled to the proceeds of any settlement or judgment, to the extent of its payment. The policy expressly provided that the insured "shall do nothing after loss to prejudice such rights." The policy also included an arbitration provision which required that any dispute as to the applicability or extent of uninsured motorist coverage be submitted to the AAA for binding arbitration.

¶ 7      On March 3, 2014, plaintiff was injured during an accident involving two other vehicles, driven by Stephens and Baker. According to plaintiff's complaint, Stephens drove his vehicle southbound through a red light at the intersection of Lake Street and Cicero Avenue, striking the rear end of Baker's vehicle, which was completing a left turn from Cicero Avenue onto westbound Lake Street. After striking Baker's vehicle, Stephens continued through the intersection and struck plaintiff's vehicle,[1] which was stopped at the intersection, waiting for traffic to clear in order to travel eastbound on Lake Street. Plaintiff suffered injuries from the

_____

[1] We note that, in his motion for summary judgment and in his arbitration demand, plaintiff contended that Baker's vehicle was forced to strike plaintiff's vehicle after Stephens' vehicle collided with hers. We further note that plaintiff's complaint was not verified, and plaintiff's motion for summary judgment was not supported by any affidavit or deposition testimony which attested to the facts of the accident, despite plaintiff's reference to "deposition testimony and affidavits" in his appellate brief. In its answer, defendant admitted the allegations of plaintiff's complaint as to the facts of the accident "upon information and belief."

collision.

¶ 8     Stephens was not covered by automobile insurance, while Baker had an insurance policy with AMCO Insurance Company (AMCO).[2]

¶ 9     Plaintiff sought coverage from defendant pursuant to the uninsured motorist portion of his policy. In June 2014, defendant mailed plaintiff a letter notifying him that it was denying coverage for his claim and would be handling the matter under a reservation of rights, as plaintiff failed to properly report the loss and failed to cooperate with the investigation. Slightly over one week later, defendant mailed plaintiff another letter, notifying him that it could not accept plaintiff's uninsured motorist claim "at this time." The letter explained that Baker had provided insurance information in the accident report, so "[y]ou must file suit against all parties involved in this loss and if [Baker] is found negligent and has a valid policy," then the loss would not constitute an uninsured motorist claim. If both parties were found to have no valid insurance policies in effect, then plaintiff would be required to certify their status with the Illinois Department of Transportation before defendant would take any further action with respect to an uninsured motorist claim. Defendant also requested documentation as to the extent of plaintiff's injuries and medical bills.

¶ 10     On March 13, 2015, plaintiff made a demand for arbitration of his uninsured motorist claim with the AAA.[3] Approximately one week later, defendant mailed plaintiff a letter notifying him that defendant could not accept plaintiff's uninsured motorist claim "at this time," as Stephens had not been certified as uninsured and plaintiff had failed to file suit against Baker.

_____

[2] AMCO is an affiliate of Nationwide Insurance Company. Accordingly, the record contains references to "Nationwide" as well as to AMCO.

[3] While plaintiff paid his portion of the administrative fee at the time he filed the arbitration demand, there is no indication that defendant paid its portion, nor did plaintiff pay defendant's portion. Consequently, the AAA file was closed in October 2015 and all files were purged in April 2017.

The letter noted that plaintiff claimed that Baker's insurer had denied any liability, but "[AMCO] has not denied coverage and suit must be filed against [Baker]." The letter also indicated that plaintiff had failed to return required paperwork, and again stated that plaintiff had breached the policy's conditions regarding notice and cooperation.

¶ 11    In September 2015, plaintiff filed a personal injury suit against Baker and Stephens, requesting $30,000 in damages; defendant was not a party to this suit.[4] Baker filed an appearance in June 2016,[5] and the parties engaged in discovery, which included a July 2016 letter from plaintiff's counsel to Baker's counsel listing special damages that plaintiff incurred from the accident. The letter also stated that plaintiff's counsel "expect[ed] to have a settlement demand for [Baker's counsel] shortly." The case was transferred to the First Municipal District for mandatory arbitration, which occurred in April 2017. Stephens was not present at the arbitration, but the panel of arbitrators issued an award finding for plaintiff and against Stephens in the amount of $15,000 plus $474 in court costs; with respect to Baker, the panel of arbitrators found for Baker and against plaintiff. In May 2017, plaintiff rejected the award.

¶ 12    In September 2017, plaintiff voluntarily dismissed his suit against Baker and Stephens without prejudice and with the right to refile within one year pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2016)).

¶ 13    In March 2018, plaintiff, Baker, and AMCO executed a release stating that plaintiff, in exchange for $5000, would release Baker and AMCO from all claims arising from the accident.

---

[4] The record does not contain a copy of plaintiff's complaint against Baker and Stephens. Instead, the record contains a portion of the electronic case summary for plaintiff's case against Baker and Stephens from the circuit court clerk's office, which indicates that in September 2015, plaintiff filed a "personal injury (motor vehicle) complaint" against Baker and Stephens and requested $30,000 in damages.

[5] According to the electronic case summary available on the circuit court clerk's website, it does not appear that Stephens ever filed an appearance in the action.

The release also stated that the parties "understood and agreed that this settlement [was] the compromise of a doubtful and disputed claim" and that the "parties hereby released deny any and all liability with respect to the *** accident and intend merely to avoid litigation and buy their peace."

¶ 14 On August 22, 2018, plaintiff's counsel mailed defendant a letter demanding $20,000 under plaintiff's uninsured motorist coverage, and on August 28, 2018, defendant mailed a letter to plaintiff's counsel stating that his claim was denied. Defendant's letter informed plaintiff's counsel that it learned of the settlement with Baker and AMCO and cited the exclusion stating that uninsured motorist coverage did not apply if an insured settled a claim with someone who may be legally liable without defendant's written consent.

¶ 15                                          *The Instant Litigation*

¶ 16 In May 2019, plaintiff filed a complaint for declaratory judgment against defendant, asking the circuit court to declare that (1) Baker was not a "person who may be legally liable" for plaintiff's injuries and, therefore, (2) plaintiff was entitled to recover under his uninsured motorist coverage. In his complaint, plaintiff alleged that the settlement he received from Baker was a "nuisance value settlement" from AMCO, which "denie[d] any legal liability for Plaintiff's injuries." Plaintiff further alleged that the arbitration panel found that Baker was not a legally liable party and that Stephens was the sole legally liable party.

¶ 17 Defendant filed a counterclaim for declaratory judgment, which it later amended, asking the circuit court to find that plaintiff's claim was properly excluded and defendant owed no coverage under the policy, as plaintiff settled his claims with Baker and her insurer without defendant's consent.

¶ 18 The parties proceeded to discovery, in which plaintiff admitted (1) that he filed suit

against Stephens and Baker; (2) that Baker was insured with AMCO at the time of plaintiff's accident; (3) that plaintiff settled his claims with Baker and AMCO for $5000; (4) that plaintiff executed a release in connection with the settlement; (5) that plaintiff did not seek defendant's written consent prior to executing the release or settling his claims with Baker and AMCO; and (6) that plaintiff alleged in his complaint against Stephens and Baker that Baker "was a person who may be legally or was legally liable for [plaintiff's] injuries."

¶ 19    After discovery, the parties filed cross-motions for summary judgment. In its motion, defendant argued that plaintiff was prohibited from settling with any potential tortfeasors, such as Baker, and plaintiff's claim was therefore excluded under the express terms of the policy. Defendant further argued that plaintiff allowed his arbitration action with the AAA to "die" when he allowed arbitration proceedings to close, and thus, defendant had no duty to arbitrate plaintiff's claim. Defendant requested that the circuit court declare that plaintiff's claim was excluded, and that defendant had no duty to defend, indemnify, or arbitrate the claim.

¶ 20    In his summary judgment motion, plaintiff argued that the policy's exclusion was ambiguous and thus the circuit court should construe it liberally in favor of coverage. Plaintiff further argued that the exclusion did not apply since Baker was not legally liable for plaintiff's injury, as (1) he sued Baker only because defendant sent plaintiff a letter directing him to sue her, (2) the panel of arbitrators found that Baker was not legally liable for plaintiff's injury, and (3) Baker and AMCO denied liability in the release. Finally, plaintiff argued that his settlement with Baker and AMCO did not substantially prejudice defendant, so its basis for denying coverage was unfounded.

¶ 21    After a hearing on the cross-motions for summary judgment, the circuit court granted defendant's motion and denied plaintiff's motion. First, the circuit court concluded that the

policy's exclusion was not ambiguous, finding that plaintiff failed to set forth two reasonable competing interpretations of the exclusion.

¶ 22    Next, the circuit court concluded that there was no genuine issue of material fact as to whether Baker may have been legally liable for the accident. The circuit court reasoned that under Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018), plaintiff and his counsel could not have properly filed suit against Baker if there were no basis to establish her liability, since the rule requires that attorneys certify that a pleading is well grounded in fact and warranted by existing law. In addition, the court noted that plaintiff's counsel sent Baker's counsel a list of special damages prior to making a settlement demand and found that "[i]t is beyond dispute that one sends demands to those whom one believes may be liable to one's client." The circuit court further noted that plaintiff accepted a $5000 settlement payment from Baker. While the court acknowledged that the release contained exculpatory language, it observed that such language was common in a release regardless of a party's level of liability and did not create a genuine issue of material fact. The circuit court also found unpersuasive plaintiff's reliance on the arbitration award, as "that finding is non-binding and has no evidentiary value" and was rejected by plaintiff in any event.

¶ 23    In addition, the circuit court found that there was no genuine issue of material fact that plaintiff's settlement substantially prejudiced defendant as, after the settlement, defendant lost the right to sue Baker to recover some or all of the money that plaintiff demanded from defendant.

¶ 24    The circuit court also found the fact that plaintiff did not proceed with AAA arbitration was a second and independent basis to conclude that coverage did not apply, as the policy expressly required any dispute about uninsured motorist coverage to be arbitrated. Accordingly,

the circuit court granted defendant's motion for summary judgment, finding that defendant did not have any obligations to plaintiff under the policy and entering judgment in defendant's favor.

¶ 25   This appeal follows.

¶ 26                                    ANALYSIS

¶ 27   On appeal, plaintiff contends that the circuit court erred in denying his motion for summary judgment and granting defendant's motion for summary judgment where (1) Baker was not a person "who may be liable" for plaintiff's injuries and (2) defendant did not establish that it was substantially prejudiced by plaintiff's settlement with Baker. Plaintiff also claims that the AAA arbitration could be reopened at any time, so the circuit court erred in finding summary judgment appropriate on that alternate basis.

¶ 28   Prior to addressing the merits, however, we first address defendant's request to strike the portions of plaintiff's opening brief that describe the accident. Defendant argues that these descriptions contain no citation to the record and, in fact, are unsupported by the record, as plaintiff did not attach an affidavit in support of his motion for summary judgment or verify his complaint.

¶ 29   Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires that a statement of facts contain "appropriate reference to the pages of the record on appeal." The first two pages of the opening brief's statement of facts, which includes a description of the accident, do not cite to the record and thus violate Rule 341(h)(6). See *id.* The Illinois Supreme Court Rules have the force of law (*Grant v. Rancour*, 2020 IL App (2d) 190802, ¶ 16), and we may strike a brief in violation of the rules (*Carter v. Carter*, 2012 IL App (1st) 110855, ¶ 12). These violations, however, do not hinder or preclude our review, and we therefore decline to strike plaintiff's brief either in whole or in part. See *id.*

¶ 30                                   *Standard of Review*

¶ 31    We now address the merits of plaintiff's appeal. Plaintiff appeals from the circuit court's order granting summary judgment. When considering an appeal from an order granting summary judgment, we must determine whether "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). The purpose of summary judgment is not to try an issue of fact but to determine whether one exists. *Monson v. City of Danville*, 2018 IL 122486, ¶ 12. "Although summary judgment is encouraged in order to aid the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation." *Id.* Thus, a court must construe the evidence in the record strictly against the moving party and should grant summary judgment only if the moving party's right to a judgment is clear and free from doubt. *Id.* "On appeal from an order granting summary judgment, a reviewing court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether summary judgment is proper as a matter of law." *Id.*

¶ 32    The parties in the instant appeal filed cross-motions for summary judgment. "When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record." *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. The mere filing of such cross-motions, however, neither establishes that there is no issue of material fact nor obligates a court to render summary judgment. *Id.*

¶ 33    An order granting summary judgment is reviewed *de novo*. *Id.* ¶ 30. Additionally, we review *de novo* issues involving contract construction. *Valerio v. Moore Landscapes, LLC*, 2021 IL 126139, ¶ 20. *De novo* review means that we perform the same analysis that a trial judge

would perform. *Merca v. Rhodes*, 2011 IL App (1st) 102234, ¶ 40. On *de novo* review, we may affirm the circuit court's judgment on any basis in the record. *R&J Construction Supply Co. v. Adamusik*, 2017 IL App (1st) 160778, ¶ 19.

¶ 34                    *Keona Baker's Potential Liability*

¶ 35    Plaintiff first argues that the circuit court erred when it found that there was no genuine issue of material fact that Baker may have been legally liable to plaintiff for his injuries, as Baker's vehicle never collided with plaintiff's vehicle, Baker and AMCO denied liability in the release, and a panel of arbitrators found that Baker was not liable to plaintiff.[6] We do not find this argument persuasive.

¶ 36    First, even assuming *arguendo* that Baker's vehicle did not make contact with plaintiff's vehicle,[7] this fact does not preclude a finding of liability. Indeed, this is apparent by the fact that plaintiff filed a personal injury complaint against Baker and Stephens, in which he admittedly alleged that Baker "was a person who may be legally or was legally liable for [plaintiff's] injuries." To the extent that plaintiff suggests that he only filed suit against Baker at the direction of defendant, plaintiff and his counsel could not have properly filed suit against Baker in the absence of any basis for liability, and that the signature of plaintiff's counsel certified that the pleading was "well grounded in fact and [was] warranted by existing law." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). Thus, by his own conduct, plaintiff has demonstrated that he considered

---

[6] We note that, below, plaintiff also claimed that the insurance policy was ambiguous. Plaintiff, however, does not raise this argument on appeal, including only a single passing reference to "the ambiguity of the settlement agreement" in his brief. It is well settled that "[p]oints not argued are forfeited" and, therefore, we have no need to further address any purported ambiguity. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *PML Development LLC v. Village of Hawthorn Woods*, 2023 IL 128770, ¶ 48 n.2.

[7] As noted, while plaintiff alleged in his complaint that Stephens' vehicle struck his vehicle, and defendant admitted this allegation "upon information and belief," plaintiff claimed otherwise in his motion for summary judgment, and there is no affidavit or other evidence as to the course of events.

Baker to be a potentially liable party.

¶ 37    In addition, after filing suit against Baker, plaintiff continued acting as though Baker was a potentially liable party, sending Baker's counsel a letter listing plaintiff's damages and stating that plaintiff's counsel "expect[ed] to have a settlement demand for [Baker's counsel] shortly." As the circuit court observed, "[i]t is beyond dispute that one sends demands to those whom one believes may be liable to one's client." Furthermore, not only did plaintiff make a demand upon Baker, plaintiff accepted $5000 from Baker and AMCO in settlement of his claims against Baker and released them from any further liability. As the circuit court noted, the fact that Baker denied liability within the release is unsurprising, as "such language is commonly incorporated regardless of the released party's level of liability." Thus, regardless of whether Baker ultimately would have been found to have been a liable party, the facts clearly establish that Baker, at a minimum, "may be liable" for plaintiff's injuries as provided in the insurance policy. We therefore conclude that the circuit court did not err when it found as a matter of law that Baker may have been legally liable to plaintiff. 735 ILCS 5/2-1005(c) (West 2022); *Monson*, 2018 IL 122486, ¶ 12.

¶ 38    We reject plaintiff's contention that the arbitration award demonstrates that Baker was not liable to plaintiff and, therefore, the exclusion is inapplicable. First, plaintiff fails to explain why defendant would have been bound by the arbitration panel's finding. If plaintiff is asserting that defendant was collaterally estopped from litigating Baker's potential liability, then this assertion fails. The doctrine of collateral estoppel prevents a party from relitigating an issue that has been resolved in prior proceedings. *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2016 IL App (1st) 142754, ¶¶ 73, 76. Further, "arbitration awards have the same *** collateral estoppel effect as court judgments." *Id.* ¶ 73. The doctrine only applies,

however, if the following elements are satisfied: (1) the issue decided in the prior proceeding is identical with the one presented in this case, (2) there was a final judgment on the merits in the prior proceeding, and (3) the party against whom estoppel is asserted was a party to the prior proceeding. *Camberos v. Palacios*, 2021 IL App (2d) 210078, ¶ 20. Since defendant here was not a party to the mandatory arbitration, collateral estoppel would not have applied, and defendant would not have been bound by the panel's finding. See *id.*

¶ 39    Moreover, plaintiff fails to explain why the parties involved in the mandatory arbitration would have been bound by the panel's finding. In Illinois, arbitration is a mandatory yet non-binding procedure. Ill. S. Ct. R. 86 (eff. Jan. 1, 1994); *Norris v. National Union Fire Insurance Co. of Pittsburgh*, 368 Ill. App. 3d 576, 589 (2006). Since arbitration is non-binding, no party that participates in good faith may be forced to accept an arbitration award. *Stemple v. Pickerill*, 377 Ill. App. 3d 788, 791 (2007). Rather, any party may accept the award or reject it and demand a trial before the circuit court. *Babcock v. Wallace*, 2012 IL App (1st) 111090, ¶ 5 (citing Ill. S. Ct. R. 93 (eff. Jan. 1, 1997)); *Stemple*, 377 Ill. App. 3d at 791. Here, plaintiff rejected the arbitration award. Thus, plaintiff fails to explain why the parties involved, let alone defendant, would have been bound by the panel's finding. See Ill. S. Ct. R. 86 (eff. Jan. 1, 1994); *Babcock*, 2012 IL App (1st) 111090, ¶ 5 (citing Ill. S. Ct. R. 93 (eff. Jan. 1, 1997)); *Norris*, 368 Ill. App. 3d at 589. We therefore cannot find that the circuit court erred in finding that Baker was a party who "may be liable" for plaintiff's injury for purposes of the insurance policy.

¶ 40                                    *Substantial Prejudice*

¶ 41    Plaintiff further argues that, even if he did breach the policy when he settled with Baker and AMCO, the circuit court erred when it found as a matter of law that plaintiff's settlement substantially prejudiced defendant's rights of recovery, as (1) there was no right of recovery

from Baker in any event and (2) defendant could still recover from Stephens. In *Marsh v. Prestige Insurance Group*, 58 Ill. App. 3d 894, 897 (1978), this court found that, even if an insured settles with a potential tortfeasor, the insurer cannot deny payment under an exclusion prohibiting such settlements unless the settlement substantially prejudiced the insurer's rights of recovery. While defendant challenged this proposition below, suggesting that a showing of prejudice is unnecessary, it does not appear to do so on appeal. Thus, in the case at bar, we consider whether plaintiff's settlement with Baker and AMCO substantially prejudiced defendant's rights. See *id.*

¶ 42    The purpose of an exclusion prohibiting settlement with potential tortfeasors is to protect the insurer's subrogation rights. *Id.* " 'Subrogation simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant.' " *Trogub v. Robinson*, 366 Ill. App. 3d 838, 842 (2006) (quoting D. Dobbs, Law of Remedies § 4.3(4), at 604 (2d ed. 1993)). " 'Thus, a subrogee merely succeeds to the legal rights or claims of a subrogor.' " *Id.* (quoting 73 Am. Jur. 2d Subrogation § 1, at 542 (2001)). "[I]f an insured settles with a third party who is primarily responsible for the loss and releases him from liability[,] such release destroys the insured's right to subrogation and may be interposed as a complete defense to the action on the policy." *Hoel v. Crum & Forster Insurance Co.*, 51 Ill. App. 3d 624, 268 (1977) (citing *Tuthill v. State Farm Insurance Co.*, 19 Ill. App. 3d 491, 498-99 (1974)).

¶ 43    In this case, we find that plaintiff's settlement with Baker and AMCO substantially prejudiced defendant's rights. The policy provided that if defendant paid an insured pursuant to an uninsured motorist claim, defendant would be subrogated to the insured's rights of recovery against any person or organization legally responsible for the injury and would be entitled to the

proceeds of any settlement or judgment, to the extent of its payment. The policy also expressly provided that the insured "shall do nothing after loss to prejudice such rights."

¶ 44    Despite the clear provisions of the policy, plaintiff settled with Baker and AMCO for $5000 and released them from all further liability for plaintiff's injuries. As discussed above, Baker was a potentially liable party for purposes of the insurance policy and, therefore, plaintiff's settlement with her prevented defendant from ever recovering from Baker or AMCO, her insurer. Consequently, this settlement substantially prejudiced defendant's potential right to recovery. See *Tuthill*, 19 Ill. App. 3d at 501 (finding that "it surely cannot be argued" that the insurer was not prejudiced by settlement, where the actions of the insured "completely foreclosed any and all rights of subrogation and reimbursement" that the insurer may have had against the other driver); but see *Hoel*, 51 Ill. App. 3d at 629 (while noting that the insurers would be "substantially prejudiced if they could not be subrogated to a possible recovery from a third party for payments which they were required to make to their insured under the terms of their policy," nevertheless finding a question of fact as to whether the other driver was a party responsible for the accident).

¶ 45    We find unpersuasive plaintiff's reliance on *Marsh v. Prestige Insurance Group*, 58 Ill. App. 3d 894 (1978), in support of his argument concerning prejudice. In that case, the defendant insurer had issued the plaintiff an automobile policy which contained an exclusion stating that uninsured motorist coverage did not apply if the plaintiff settled with anyone who may have been legally liable for the plaintiff's injuries, as well as a provision barring the plaintiff from taking any action " 'to prejudice such rights.' " *Id.* at 895. Thereafter, the plaintiff was involved in an accident with two other drivers; one of the drivers was an unknown hit-and-run motorist, and the other was known and insured. *Id.* The plaintiff settled with the insured motorist. *Id.* The plaintiff

then sued to compel arbitration under the policy's uninsured motorist provision, and the defendant moved for summary judgment, arguing that the exclusion applied. *Id.* The circuit court granted the motion. *Id.*

¶ 46    On appeal, this court reversed, finding that although the plaintiff settled with someone who may have been legally liable, there was a question of material fact as to whether the settlement substantially prejudiced the defendant's rights of recovery. *Id.* at 896. The *Marsh* court observed that the record demonstrated that the settlement was entered into nearly four years after the accident, and there was no indication as to whether the hit-and-run motorist could be located or whether there were any actions for personal injuries which could be pursued "long after the statute of limitations had apparently run." *Id.*

¶ 47    We find that *Marsh* is distinguishable from the case at bar. First, unlike the unknown hit-and-run motorist in *Marsh*, the identities of both Baker and Stephens were known and plaintiff commenced a personal injury lawsuit against them within the statute of limitations.[8] See *id.* Further, although plaintiff's suit against Baker and Stephens was dismissed without prejudice in September 2017, pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2016)), plaintiff had the right to refile within one year. Prior to the settlement in March 2018, plaintiff had approximately six months to refile his suit against Baker. Thus, unlike in *Marsh*, the record here indicates that prior to plaintiff's settlement, defendant still had a potential subrogation right to recover against Baker. See *Marsh*, 58 Ill. App. 3d at 896.

¶ 48    Finally, we find unpersuasive plaintiff's contention that defendant was not prejudiced due to its ability to recover from Stephens. Under plaintiff's policy, plaintiff was required not to prejudice defendant's rights of recovery against *any* person. Moreover, any recovery from Baker

---

[8] As noted, it does not appear that Stephens ever filed an appearance in the action.

would have reduced the amount which defendant was required to pay out under the uninsured motorist provision of the insurance policy. Thus, plaintiff's settlement substantially prejudiced defendant's rights of recovery even though defendant still could have recovered from Stephens.

¶ 49    Accordingly, we find that the circuit court did not err when it found that plaintiff's settlement substantially prejudiced defendant as a matter of law. See 735 ILCS 5/2-1005(c) (West 2022); *Monson*, 2018 IL 122486, ¶ 12. The circuit court therefore properly entered summary judgment in defendant's favor.

¶ 50    In light of our conclusion, we need not consider any alternative contentions as to the impact of the closure of the AAA proceedings. See *Adamusik*, 2017 IL App (1st) 160778, ¶ 19.

¶ 51                                CONCLUSION

¶ 52    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 53    Affirmed.