**Mary MELLO**

v.

**GENERAL INSURANCE COMPANY OF AMERICA.**

No. 85-504 Appeal.

Supreme Court of Rhode Island.

May 29, 1987.

Howard I. Lipsey, Richard A. Boren, Lipsey & Skolnik Ltd., Providence, for plaintiff.

Dennis J. Roberts II, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the plaintiff, Mary Mello (Mello), from the grant of a motion for summary judgment in favor of the defendant, General Insurance Company of America (General Insurance). The trial justice granted the defendant's motion for summary judgment on the grounds that an insured's bad-faith claim against its insurer is unassignable.

The facts of this case are not in dispute. The plaintiff was struck and injured by an automobile while on the premises of Red Bridge Car Wash (Red Bridge) on February 12, 1974. At the time of the incident, Red Bridge was insured by General Insurance. In an action brought by Mello against Red Bridge, a jury awarded Mello damages in excess of the insurance-policy limits. General Insurance paid Mello up to the policy limits but refused to pay the excess judgment of over $120,000. Red Bridge did not appeal the verdict. Instead, Red Bridge assigned to Mello its claim against General Insurance for the company's alleged bad-faith failure to settle the claim within the policy limits. In exchange, Mello agreed not to levy execution against Red Bridge for the unsatisfied portion of the judgment.

In August 1981 Mello sued Safeco Insurance Company of America on the bad-faith claim. In May 1983 General Insurance was substituted as the proper party defendant. General Insurance then moved for summary judgment on the grounds that, "(1) an insolvent insured has no cause of action against its insurer for its insurer's bad faith failure to settle a claim inasmuch as it has suffered no injury; and (2) a bad faith claim is unassignable under Rhode Island law." At the motion hearing, General Insurance withdrew its claim of the insured's insolvency as the basis for its motion and relied solely on the assignment question. The trial justice granted the motion for summary judgment, and this appeal followed.

General Laws 1956 (1985 Reenactment) § 9-1-33 codifies the right of an insured to "bring an action against the insurer issuing said policy, when it is alleged said insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of said policy * * *." The issue presently before us is whether this right is assignable to a third party.

General Insurance argues that an action for bad faith is not assignable because it arises out of an injury which is personal to the insured. The defendant further asserts that we have held that actions for personal injuries are not assignable. *Hospital Service Corp. v. Pennsylvania Insurance Co.*, 101 R.I. 708, 712, 227 A.2d 105, 109 (1967). The defendant concludes that any claim that Red Bridge may have against it for bad faith is based upon a nonphysical personal injury and is therefore not assignable.

In *Etheridge v. Atlantic Mutual Insurance Co.*, 480 A.2d 1341 (R.I. 1984), we upheld the assignment of an insured's claim against the insurer. In that case the insured carried insurance with two insurers. After recovering for his injuries in full from the first insurer, he assigned any claims he might have against the second insurer to the first. In upholding the assignment we said:

> "an insured person may frequently find himself the helpless victim of a technical dispute between insurers each of which claims that primary responsibility or sole responsibility rests with an insurance carrier other than itself. Under such

circumstances, a company that pays the loss and absolves the insured from liability, except for the right to proceed against the other carrier, has performed a function that furthers rather than impedes public policy. Such agreements ought not to be rendered void or impeded by the simplistic maxim that the common-law assignments of personal-injury claims were unenforceable. The ruling of *Tyler v. Superior Court*, [30 R.I. 107, 73 A. 467 (1909)] *supra*, was designed to avoid the evils of champerty and maintenance. Applying this rule under circumstances in which champerty and maintenance are completely absent would be to throw the baby out with the bath water. We do not reject the general prohibition against the purchasing of personal-injury claims by intermeddling volunteers for their own profit. We simply cannot allow a salutary rule to be applied in a context in which it has no meaning and thereby obstruct an appropriate device for the payment of a claim by an insurance carrier that has an obligation to its insured to absolve him of liability without depriving itself of the right to pursue action against another insurance carrier that it considers to be wholly or partly liable for the loss." *Id.* at 1345.

We find the reasoning of the *Etheridge* court applicable to the case at bar.

While we do not advocate a general policy of allowing assignment of the right to sue an insurance company for bad faith, we are convinced that in certain limited circumstances the insured's right may be assigned. The facts of the case at bar constitute such limited circumstance.

In the present case the plaintiff twice offered to settle her claim against Red Bridge within the limits of its insurance policy. Both offers were rejected by General Insurance. Consequently, the matter proceeded to a jury trial where the plaintiff obtained a judgment in the amount of $224,254.11. General Insurance paid the judgment up to the policy limit of $100,000 but refused to pay the balance. As a result, the plaintiff was forced to look to the insured for satisfaction. Rather than levy an execution against Red Bridge, who would then be required to sue General Insurance in order to recover the balance due on the judgment, Red Bridge attempted to assign to the plaintiff its right to sue General Insurance directly. We believe that within the facts of this case this assignment was justified. We therefore hold that an insured may assign its bad-faith claim against its insurer to the injured claimant for the limited purpose of recovering the difference between the judgment received against the insured and the insurance-policy limits.

The plaintiff's appeal is sustained. The judgment of the trial court granting the defendant's motion for summary judgment is vacated. The papers in the case are remanded to the Superior Court for further proceedings with directions to sustain the assignment to Mello of the bad-faith claim against General Insurance.