March 1, 2022

**Supreme Court**

No. 2020-81-Appeal.
(PC 14-2393)

Thomas Shannahan et al.          :

v.          :

Rhode Interlocal Risk Management          :
Trust.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:   opinionanalyst@courts.ri.gov,   of   any typographical or other formal errors in order that corrections may be made before the opinion is published.

Thomas Shannahan et al.      :

v.      :

Rhode Interlocal Risk Management      :
Trust.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on December 8, 2021, pursuant to an order directing the parties to appear and show cause why the issues before us should not be summarily decided.  The plaintiffs, Thomas Shannahan,[1] Thomas Wilson, the Estate of Donald P. Twohig, and Donald D. Twohig, all individually and as assignees of the City of Central Falls (plaintiffs), appeal from a final judgment entered in favor of the defendant, Rhode Island Interlocal Risk Management Trust (defendant), following the grant of the defendant's motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.  After examining the record and memoranda

---

[1] On October 15, 2021, the plaintiffs filed a suggestion of death, upon information and belief, stating that plaintiff Thomas Shannahan had passed away on or about September 2, 2021.

submitted by the parties, we are satisfied that cause has not been shown and, thus, the appeal may be decided at this time. For the reasons stated herein, we affirm the judgment of the Superior Court.

## Facts and Travel

The underlying facts of this lengthy litigation are set forth in *Shannahan v. Moreau*, 202 A.3d 217 (R.I. 2019) (*Shannahan I*). *See Shannahan I*, 202 A.3d at 221-26. In that case, we stated, "[t]oday we close the book on what was a sad and scandal-plagued chapter in the history of the City of Central Falls * * *." *Id.* at 221. Because the case before us is wholly lacking in merit, we meant what we said in *Shannahan I*; this case is summarily dismissed. A few months after this Court affirmed summary judgment with respect to the underlying claims in *Shannahan I*, *see id.* at 231, 232, defendant filed a motion for summary judgment in plaintiffs' action against defendant in which plaintiffs had asserted that defendant wrongfully and in bad faith denied plaintiffs' underlying third-party insurance claims. The trial justice granted defendant's motion for summary judgment, and plaintiffs timely filed an appeal.

## Standard of Review

"This Court reviews a grant of summary judgment *de novo*." *Sullo v. Greenberg*, 68 A.3d 404, 406 (R.I. 2013) (brackets omitted) (quoting *Sacco v. Cranston School Department*, 53 A.3d 147, 149-50 (R.I. 2012)). "Examining the

case from the vantage point of the trial justice who passed on the motion for summary judgment, 'we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment.'" *Id.* at 406-07 (brackets omitted) (quoting *Sacco*, 53 A.3d at 150).

"Summary judgment is appropriate only when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012) (brackets omitted) (quoting *Plunkett v. State*, 869 A.2d 1185, 1187 (R.I. 2005)). "Where the facts suggest only one reasonable inference[,]" the trial justice may treat the issue as a matter of law. *See Deutsche Bank National Trust Company, for Registered Holders of Ameriquest Mortgage Securities, Inc. v. McDonough*, 160 A.3d 306, 311 (R.I. 2017).

"Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'proves the existence of a disputed issue of material fact.'" *Sullo*, 68 A.3d at 407 (brackets omitted) (quoting *Mutual Development Corporation v. Ward Fisher & Company, LLP*, 47 A.3d 319, 323 (R.I. 2012)).

However, "summary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Correia v. Bettencourt*, 162 A.3d 630, 635 (R.I. 2017) (quoting *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016)).

**Analysis**

General Laws 1956 § 9-1-33(a) sets forth the basis for a bad-faith claim against an insurer and provides, in pertinent part:

> "Notwithstanding any law to the contrary, an *insured under any insurance policy as set out in the general laws or otherwise* may bring an action against the insurer issuing the policy when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy, or otherwise wrongfully and in bad faith refused to timely perform its obligations under the contract of insurance." (Emphasis added.)

It is undisputed that plaintiffs were not the "insured" under defendant's insurance policy; the City of Central Falls was the insured. Nevertheless, plaintiffs have contended that they were assignees of the rights of the City of Central Falls under defendant's insurance policy, pursuant to an order of the United States Bankruptcy Court for the District of Rhode Island granting an assented-to motion for relief from automatic stay to proceed with the case at the Superior Court, and the Superior Court's consent order granting plaintiffs' motion to substitute the City of

Central Falls as defendant. We are hard-pressed to understand plaintiffs' reasoning.

Even if the parties intended to assign plaintiffs the right to bring a bad-faith claim against defendant, in *Mello v. General Insurance Company of America*, 525 A.2d 1304 (R.I. 1987), we held that "an insured may assign its bad-faith claim against its insurer to the injured claimant *for the limited purpose* of recovering the difference between the judgment received against the insured and the insurance-policy limits." *Mello*, 525 A.2d at 1306 (emphasis added). It is clear that the holding in *Mello* was starkly limited to the facts of that case, where an insurer had refused to settle the case within the limits of the policy and the plaintiff was awarded a judgment in excess of that policy amount, for which the insured was responsible. *Id.* The insured thereafter assigned to the plaintiff its bad-faith claim against the insurer. *Id.* This is the essence of insurer bad faith, reflecting Rhode Island's policy to place the burden of excess judgments on the insurer and not on the insured.

The case before us, however, presents a drastically different set of facts. *Cf. Imperial Casualty and Indemnity Company v. Bellini*, 947 A.2d 886, 888, 893 (R.I. 2008) (holding that, where the plaintiff was assigned the insured's rights after succeeding on the underlying claims but there was no excess judgment, such a set of facts was radically different from *Mello*). The City of Central Falls assigned

only its rights to coverage under defendant's insurance policy with respect to the underlying claims by plaintiffs against the City of Central Falls; there is no evidence that the bad-faith claim was ever assigned to plaintiffs. Furthermore, there was no judgment in plaintiffs' favor—let alone a judgment in excess of the insurance policy limits.

The plaintiffs point to this Court's reasoning in *Skaling v. Aetna Insurance Company*, 799 A.2d 997 (R.I. 2002), to support their contention that defendant failed to properly investigate their claims. We note, however, that *Skaling* was a first-party action where the plaintiff was an insured seeking indemnification from his own insurance carrier. *See Skaling*, 799 A.2d at 1003. That is not the case at bar; plaintiffs' claims against the City of Central Falls were dismissed on summary judgment, and their bad-faith action against defendant was a third-party claim.

Even if plaintiffs were proper assignees of the City of Central Falls, they have not met their burden for a bad-faith action. This Court has held that "bad faith 'is established when the proof demonstrates that the insurer denied coverage or refused payment without a reasonable basis in fact or law for the denial.'" *Bellini*, 947 A.2d at 893 (quoting *Skaling*, 799 A.2d at 1010). "A *plaintiff* must demonstrate an absence of a reasonable basis in law or fact for denying the claim or an intentional or reckless failure to properly investigate the claim and subject the result to cognitive evaluation." *Skaling*, 799 A.2d at 1012 (emphasis added). "The

standard that this Court employs in making that determination is the 'fairly debatable' standard[,]" which allows an insurer "to debate a claim that is fairly debatable." *Bellini*, 947 A.2d at 893 (quoting *Skaling*, 799 A.2d at 1010, 1011). "That inquiry turns on 'whether there is sufficient evidence from which reasonable minds could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable.'" *Id.* (brackets omitted) (quoting *Skaling*, 799 A.2d at 1011).

Affording weight to the fact that there was a fully reasonable, and by no means frivolous, debate as to whether or not the plaintiffs' underlying claims in *Shannahan I* were meritorious, *see generally Shannahan I*, 202 A.3d 217, we simply cannot say that the plaintiffs established either "an absence of a reasonable basis in law or fact for denying the claim[s]" or that the insurer intentionally or recklessly "failed to properly investigate" the purported claims. *Skaling*, 799 A.2d at 1012. Accordingly, the defendant's position meets the "fairly debatable" standard. "We would further observe that the sheer duration of the litigation in this case constitutes another indicator that [the defendant's] conduct in this case did not constitute bad faith." *See Bellini*, 947 A.2d at 894.

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. "It is time for this litigation to end." *Arena v. City of Providence*, 919 A.2d 379, 396 (R.I. 2007); *see Palazzo v. Alves*, 944 A.2d 144, 155 (R.I. 2008) ("There is nothing more to be said; this case is over."). The papers in this case may be returned to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Thomas Shannahan et al. v. Rhode Interlocal Risk Management Trust. |
| **Case Number** | No. 2020-81-Appeal.<br>(PC 14-2393) |
| **Date Opinion Filed** | March 1, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Philip E. Irons, Esq. |
| | For Defendant:<br><br>Michael DeSisto, Esq. |